UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

INVERSE MEDICAL LLC,  
a New Mexico Limited Liability Company

Case No. 25-10888-j7  
Chapter 7

    Debtors.

---

EDWARD A. MAZEL, Chapter 7 Trustee

    Plaintiff,

v.

Adv. No.

EMPASS HEALTHCARE, INC., and  
EMPASS MEDICAL SERVICES, P.A.,

    Defendants.

**COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR TURNOVER OF PROPERTY, FOR DECLARATORY JUDGMENT, AND FOR RECOVERY OF AVOIDED TRANSFERS**

Edward A. Mazel (the "Trustee" or the "Plaintiff"), as Chapter 7 trustee of the bankruptcy estate of the Debtor, Inverse Medical Inc. (the "Debtor"), through his attorney Mazel Law, LLC (Edward A. Mazel), and alleges as follows:

JURISDICTION AND VENUE

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and/or 28 U.S.C. §§ 157.

2. All counts set forth in the Complaint are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H), and/or (O).

3. Venue in this district is proper under 28 U.S.C. §§ 1408 and/or 1409.

4. This Complaint is brought under 11 U.S.C. §§ 542, 544, 548, 550, and 551 and Federal Rule of Bankruptcy Procedure 7001, and the New Mexico Uniform Voidable Transactions Act, N.M. Stat. Ann. §§ 56-10-1 et seq.

## BACKGROUND

5. On July 21, 2025 (the "Petition Date"), the Debtor commenced the above-captioned case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

6. The Trustee was appointed as Chapter 7 Trustee and continues to serve in that capacity.

7. The Debtor is a New Mexico limited liability company with its principal place of business in Albuquerque, New Mexico.

8. Upon information and belief, Defendant Empass Healthcare, Inc. ("Empass Healthcare") is a corporation organized under the laws of New Mexico or another jurisdiction, with a principal place of business in Albuquerque, New Mexico or New York, New York.

9. Upon information and belief, Defendant Empass Medical Services P.A. ("Empass Medical") is a professional association or other entity organized under the laws of New York or another jurisdiction, with a principal place of business in New York, New York.

10. Upon information and belief, Johonniuss Chemweno ("Chemweno") is an individual residing in New York, who is the principal, owner, and/or controlling person of both the Debtor and the Empass entities (Empass Healthcare and Empass Medical, collectively the "Empass Entities"). Chemweno controls the operations, finances, and decision-making ofthese entities.

11. The Petition Date is the date of the commencement of the case within the meaning of § 544 of the Bankruptcy Code.

12. Pursuant to §§ 323(b) and 704(a)(1) of the Bankruptcy Code, the Trustee has standing to bring these claims.

13. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional causes of action against Defendants, additional transfers, or

additional assets. It is Plaintiff's intention to pursue all available causes of action against Defendants. Plaintiff reserves the right to amend this original Complaint to include: (i) modifications or revisions to Defendants' name(s), (ii) additional Defendant(s), (iii) additional\ transfers or assets, or (iv) additional causes of action (collectively, the "Amendments") that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for all Amendments to relate back to this original Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. The above-referenced Chapter 7 Bankruptcy was commenced on July 21, 2025.

15. Prior to the Petition Date, the Debtor owned certain personal property, including but not limited to equipment, inventory, furniture, and other tangible and intangible assets used in its medical services business (collectively, the "Property"). A partial list of the Property includes medical equipment such as temporary equipment, technology server equipment, cardiac monitors, office furniture, and medical supplies, as identified in the Debtor's schedules and other documents.

16. Upon information and belief, on or about February 29, 2024, the Debtor purportedly issued an invoice (Invoice #0398) in the amount of $272,523.15 to "Empass Medical Services P.A." for the sale of the Property or a substantial portion thereof. However, this invoice contains inconsistencies, including but not limited to: (i) it lists the bill-to and ship-to party as Empass Medical Services P.A., a New York entity, while the UCC financing statements (described below) were filed by Empass Healthcare, Inc., a separate entity; (ii) the invoice appears to be generated by the Debtor (Inverse Medical, LLC) but is directed to an Empass entity at a New York address, raising questions about whether any actual transfer occurred or if this was a sham transaction to obscure ownership; and (iii) there is no evidence of payment, consideration, or delivery confirming a bona fide sale. Furthermore, counsel for Empass has

represented to the Trustee that Empass has no evidence of any payment for the invoice or the Property.

17. Upon information and belief, on or about July 1, 2024, Empass Healthcare filed two UCC-1 Financing Statements (Filing Numbers 20240000012413 and 20240000012485) with the New Mexico Secretary of State, purporting to secure a lien on "all assets" of the Debtor, including real property, accounts receivable, chattel, equipment, inventory, and proceeds thereof. These filings claim to secure an obligation related to the alleged sale, but they post-date the invoice by over four months, suggest no payment was made, and further highlight inconsistencies between the Empass Entities (as the secured party is Empass Healthcare, not Empass Medical).

18. The Debtor and the Empass Entities are separate legal entities, but they are controlled by the same principal, Chemweno, making the Empass Entities insiders of the Debtor within the meaning of 11 U.S.C. § 101(31). The purported transfer(s) (the "Transfers") of the Property to one or both Empass Entities were not arm's-length transactions and were intended to hinder, delay, or defraud the Debtor's creditors.

19. Scenario One: Assuming arguendo that the Transfers occurred as purported (i.e., a sale of the Property to an Empass Entity on or about February 29, 2024, secured by the July 1, 2024 UCC filings), the Transfers were made with actual intent to defraud creditors, for less than reasonably equivalent value, while the Debtor was insolvent or became insolvent as a result. The inconsistencies between the invoice (to Empass Medical) and UCC filings (by Empass Healthcare) indicate the Transfers may not have been validly consummated between distinct entities, rendering them void or voidable. No evidence exists of actual payment or value exchanged, as confirmed by Empass' counsel, and the timing suggests an attempt to shield assets from creditors amid the Debtor's financial distress.

4

Case 26-01001-j    Doc 1    Filed 01/12/26    Entered 01/12/26 12:19:56 Page 4 of 8

20. Scenario Two: Alternatively, if no valid Transfers occurred (due to the inconsistencies, lack of payment, or sham nature of the documents), the Property remains property of the Debtor's estate under 11 U.S.C. § 541, and the Defendants' claims of ownership are baseless. The invoice and UCC filings appear to be post-hoc fabrications by Chemweno to obstruct the Trustee's liquidation efforts, as evidenced by Empass Healthcare's objection to the Trustee's motion to sell the Property (Doc. 65 in the main case), where it asserted ownership without substantiating the Transfers or providing evidence of payment.

21. At the time of the Transfers, the Debtor was insolvent, as its liabilities (including secured debts to WEBBANK, CENTURY BANK, McKesson Corporation, and others) exceeded its assets, or the Debtor became insolvent as a result of the Transfers. The Debtor had insufficient capital to continue operations and intended to incur debts beyond its ability to pay.

22. The Transfers were made within two years of the Petition Date (for purposes of 11 U.S.C. § 548) and within four years (for purposes of state law under § 544).

23. The Trustee has filed a motion to employ an auctioneer and sell the Property free and clear (Doc. 44 in the main case), which Empass Healthcare objected to (Doc. 65), creating a bona fide dispute as to ownership. This Complaint seeks to resolve that dispute by avoiding the Transfers and recovering the Property for the estate.

### COUNT I: AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A)

24. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

25. The Transfers were made with actual intent to hinder, delay, or defraud the Debtor's creditors, as evidenced by badges of fraud including: (i) the insider relationship (same principal, Chemweno); (ii) retention of control over the Property by Chemweno through the Empass Entities; (iii) the timing amid the Debtor's insolvency; (iv) lack of reasonably equivalent value (no evidence of payment, as confirmed by Empass' counsel); (v) inconsistencies between

5

the Empass Entities in the documents; and (vi) the post-petition gamesmanship in objecting to the sale motion.

26. The Transfers are avoidable under 11 U.S.C. § 548(a)(1)(A).

## COUNT II: AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B)

27. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

28. The Debtor received less than reasonably equivalent value in exchange for the Transfers, as no payment or other consideration appears to have been provided, and Empass' counsel has confirmed there is no evidence of such payment.

29. At the time of the Transfers, the Debtor (i) was insolvent or became insolvent thereby; (ii) was engaged in business with unreasonably small capital; or (iii) intended to incur debts beyond its ability to pay.

30. The Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B).

## COUNT III: AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544 AND N.M. STAT. ANN. §§ 56-10-18 AND 56-10-19

31. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

32. Under 11 U.S.C. § 544, the Trustee may avoid transfers voidable under applicable state law.

33. The Transfers are voidable under the New Mexico Uniform Voidable Transactions Act, N.M. Stat. Ann. §§ 56-10-18 (actual intent) and 56-10-19 (constructive), for the same reasons set forth in Counts I and II, within the four-year lookback period.

## COUNT IV: AVOIDANCE OF UNKNOWN FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 AND 548

34. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

35. Upon information and belief, additional unknown transfers of estate property or interests may have been made to Defendants or related parties within the applicable lookback periods, with actual or constructive fraudulent intent, for less than reasonably equivalent value, while the Debtor was insolvent.

36. Such unknown transfers are avoidable under 11 U.S.C. §§ 544 and 548, and the Trustee reserves the right to amend this Complaint upon discovery.

## COUNT VI: DECLARATORY JUDGMENT

40. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

41. An actual controversy exists regarding ownership of the Property, as evidenced by Empass Healthcare's objection asserting ownership.

42. The Trustee seeks a declaratory judgment that: (i) the Transfers are invalid or avoidable; (ii) the Property is estate property; and (iii) the UCC liens are void.

## COUNT VII: RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §§ 550 AND 551

43. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

44. Upon avoidance of the Transfers, the Trustee is entitled to recover the Property or its value from Defendants under 11 U.S.C. § 550, and the avoided liens are preserved for the estate under § 551.

WHEREFORE, the Trustee prays that the Court:

A. Avoid the Transfers under Counts I-IV;

B. Order turnover of the Property under Count V;

C. Enter declaratory judgment under Count VI;

D. Award recovery under Count VII;

E. Award costs, attorneys' fees, and pre- and post-judgment interest; and

F. Grant such other relief as is just and proper.

Respectfully submitted,

MAZEL LAW, LLC

By: *s/ filed electronically*
Edward A. Mazel
PO Box 21151
Albuquerque, NM 87154
(505) 228.6042 (phone)
ed@lawmazel.com
*Attorney for Chapter 7 Trustee*

This certifies that on January 12, 2026 a copy of the foregoing pleading was served by the Bankruptcy Court's electronic filing system on all parties who have entered an appearance in this case, and by Certified Mail and First Class Mail to:

*s/ filed electronically*
Edward A. Mazel

8